UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SIORDIA, | CASE NO.  1:11-cv-00742-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION  FOR DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| MATHEW CATE, et al., | (ECF Nos. 9 and 10) |
| Defendants. | |

## I.      INTRODUCTION

On May 9, 2011, Plaintiff Robert Siordia, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) On October 3, 2011, after reviewing Plaintiff's Complaint, the Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on his Eighth Amendment claims against Defendants Cate and Yates. (Order, ECF No. 9.) Plaintiff has since notified the Court of his willingness to forgo an amended complaint and proceed with his cognizable Eighth Amendment claims. (Notice, ECF No. 10.) Accordingly, Plaintiff's claims against Defendants Igbinosa and Does one through five should now be dismissed.

## II.     ANALYSIS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1  § 1915(A)(a). The Court must dismiss a complaint or portion thereon if the prisoner has
2  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
3  relief may be granted, or that seek monetary relief from a defendant who is immune from
4  such relief.  28 U.S.C. § 1915(A)(b)(1),(2).

5      The Court reviewed Plaintiff's Complaint pursuant to this statute and issued a
6  Screening Order on October 3, 2011. (Order, ECF No. 9.) In that Order, the Court found
7  that the Complaint stated a cognizable Eighth Amendment claim against Defendants Cate
8  and Yates based on the allegations that the two were aware of an increased risk of Valley
9  Fever infection and exhibited deliberate indifference by failing to adopt any measure to
10 mitigate the increased risk.  (Id. at 6.)  The Court found no other cognizable claims.
11 Plaintiff failed to state a cognizable claim for inhumane conditions of confinement under
12 the Eighth Amendment against Defendant Igbinosa because Plaintiff did not explain how
13 Igbinosa's policy regarding surgery masks exhibited deliberate indifference.  (Id. at 7.)
14 Plaintiff failed to state a cognizable claim for inhumane conditions of confinement under
15 the Eighth Amendment against Does # 1 and # 2 because Plaintiff did not allege that either
16 Defendant was aware of the serious medical need.  (Id.)  Plaintiff failed to state a
17 cognizable claim for inadequate medical care under the Eighth Amendment against Does
18 # 3, # 4, and # 5 because Plaintiff did not allege that the Defendants were capable of
19 expediting his treatment or that any harm resulted from the delay.  (Id. at 8.)

20     The Court gave Plaintiff the option to proceed only against Defendants Cate and
21 Yates on his Eighth Amendment claim or to file an amended complaint.  Plaintiff has
22 notified the Court that he wishes to proceed only on his Eighth Amendment claim against
23 Defendants Cate and Yates. (Notice, ECF No. 10.) Accordingly, Plaintiff's other claims
24 and all other Defendants should now be dismissed.

25 **III.     CONCLUSION**

26     Based on the foregoing, it is HEREBY RECOMMENDED that:

27     1.     Plaintiff be permitted to proceed on his Eighth Amendment claim that
28         Defendants Cate and Yates were deliberately indifferent to Plaintiff's serious

    medical need; and

2.  All of Plaintiff's remaining claims and the remaining Defendants be DISMISSED without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within twenty (20) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  November 2, 2011    /s/ *Michael J. Seng*
                 UNITED STATES MAGISTRATE JUDGE